# Speakman *v.* Roberts.

*Action to recover Damages for the Killing of an Ox.*

1. *Action to recover damages for the killing of an ox; charge to
    the jury.*—In an action to recover damages "for the wrongful
    or unlawful or malicious or intentional or forcible killing" of

[Speakman v. Roberts.]

an ox, where the evidence for the plaintiff tends to show that the defendant assisted in driving the ox referred to in the complaint into a swollen stream, wherein the ox was drowned, a charge asserts a correct proposition and is properly given at the request of the defendant which instructs the jury that "before you can render a verdict in favor of the plaintiff in this case you must find from the evidence that the steer came to his death by the violence of" defendant.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellant, W. I. Speakman, against James Roberts.

The complaint as amended contained the following count: "A. The plaintiff further claims of the defendant the sum of fifty dollars as damages for the wrongful or unlawful or malicious, or intentional, or forcible, killing of one brindle steer, the property of plaintiff, in the month of June, 1893, on or about the ninth day of said month."

The defendant pleaded the general issue.

On the trial of the case plaintiff introduced evidence tending to show that the defendant, together with other persons, drove the steer which is described in the complaint, and which belonged to the plaintiff, into a creek which was swollen by a freshet, and that the steer was drowned.

There was evidence introduced by the defendant tending to show that he was in no way connected with the killing of the steer.

There were many charges requested by the plaintiff which the court refused to give, and to the refusal to give each of which the plaintiff separately excepted. But it is unnecessary, under the opinion on the present appeal, to set these charges out in detail.

Among the charges given at the request of the defendant, and to the giving of each of which the plaintiff separately excepted, was the following: (9.) "Before you can render a verdict in favor of the plaintiff in this case you must find from the evidence that the steer came to his death by the violence of Roberts."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the several

rulings of the trial court to which exceptions were re-
served.

ARTHUR L. BROWN and E. W. GODBEY, for appellant.

W. W. CALLAHAN and W. T. WORTH, contra.

TYSON, J.—It will serve no purpose to consider in
detail the numerous charges refused to the plaintiff.
Every one of them were vicious. They were either con-
fusing, argumentative, misleading, singled out a partic-
ular fact, or misstated the law.

Of the numerous charges given at the request of de-
fendant, it is only necessary to make reference to charge
9. All the others were so obviously correct that no
comment on them is needed. It is contended, however,
that charge 9 was improper as count A of the amended
complaint sought a recovery for the wrongful or un-
lawful killing of the steer. In support of this conten-
tion it is said that defendant was liable, if he "tolled"
or led or coaxed the steer into the swollen stream or
if he drove the steer into the stream by hallooing at it
or by merely walking behind it or by expedients adopted
to merely frighten it so that it ran into the water where
it perished. If the steer came to its death by being
drowned, by reason of having gone into the stream on
account of any one of these acts or means employed to
get it into the water, it is urged, that the killing was
wrongful or unlawful, but without violence on the de-
fendant's part. Assuming that defendant employed any
one or all of these means to get the steer into the stream,
his liability for its death would result from the violence
of the water which destroyed it; and not from merely
inducing it to go into the water. His liability being
predicated solely upon the action of the water which
drowned the steer, which necessarily involved violence,
the water may, accurately speaking, be said to have been
the agency employed by him to kill the steer. The charge
was proper.

Affirmed.